CAMPBELL, Chief Judge.
Appellant, James J. Hughes, Jr., challenges the May 17, 1988 final order that granted final summary judgment against him on his third-party complaint for rescission, fraud and breach of fiduciary duty. The trial court granted appellees’ motion for summary judgment on the grounds that appellant’s action was barred by the statute of limitations. After a careful review of the limited record presented to us on review of final summary judgment, it appears that the action may not have been barred by the statute of limitations. We accordingly reverse and remand for further proceedings.
Appellant Hughes owns a condominium unit in Vanderbilt Towers Number One in Naples. Appellee Papich is also a unit owner and is former president of the Vanderbilt Association. Appellant purchased his unit in September of 1980, and was approved for membership in the association in early October of 1980. As part of the purchase, appellant assumed the obligation to pay sublease payments to Vanderbilt for his portion of a land lease Vanderbilt had with a third party.
Before appellant purchased his unit, however, Vanderbilt entered an agreement to purchase the land lease from the third party. The Vanderbilt Association members agreed that each member would be given the right to purchase that portion of the land lease associated with the member’s respective apartment. Since appellant was not yet a member of the association, he did not receive notice of this opportunity, although he did subsequently receive copies of minutes of meetings in which the land lease purchase was discussed.
At the January 29, 1981 annual meeting, the members discussed the land lease purchase. It was noted that funds from the association’s land lease account had been used to purchase the land leases for unit numbers 103 and 108.
In February 1981, about five months after appellant purchased his unit and less than one month after the January annual meeting, appellee Papich transferred and assigned the land lease for appellant’s unit to himself as trustee. Subsequently, appellant received a copy of the minutes of the January 29, 1981 annual meeting containing specific reference to the land lease for his unit, number 108, as follows: “(3) Mr. Anderson moved that we borrow money to refund the Land Lease Account. Money from this account was used to purchase the land lease of apartments # 103 and #108....”
Appellant thus had knowledge at this point that the Vanderbilt Association had purchased his interest in the land lease. He did not know that Papich had, apparently subsequently, transferred the interest to himself.
In early March, appellant requested more information from the association. Five months later, in August 1981, appellant received a response that contained only copies of the notices that had been mailed to other owners in August 1980. The transfer to Papich was not mentioned. Appellant continued to investigate.
*756 In early 1983, the association informed appellant that he was no longer obligated on the sublease payments. In the fall of 1983, appellant wrote a letter to the association regarding the transfer and received a September 20, 1983 letter of response informing appellant of Papich’s failure to inform owners of certain matters, including Papich’s' purchase of land leases he did not own.
Later, in the fall of 1983, a new board of directors informed appellant that he was no longer obligated on the sublease, that no consideration had been paid by Papich and that the board still owned the land lease for appellant’s apartment. Appellant discontinued his lease payments.
On March 4,1985, Papich filed a purported lien against the property for nonpayment of sublease payments. In July of 1986, Papich filed to foreclose the lien. Appellant answered and filed a third party action against Papich; Hoefer, the secretary of the association; and the association, requesting rescission of the transfer to Pa-pich and alleging that Hoefer, Papich and the association had committed fraud against appellant and had violated their fiduciary duty to him.
On April 12, 1988, Papich filed a motion for partial summary judgment on the third party complaint alleging that it was barred by the statute of limitations. The association and Hoefer filed similar motions, and on May 17, 1988, the trial court granted those motions.
According to sections 95.11(3)(j), (l) and (p), Florida Statutes (1983), appellant had four years to bring his action for fraud, rescission and breach of fiduciary duty. The period begins when there is an actual harm and plaintiff has been given notice of the invasion of his legal rights. Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc., 461 So.2d 239 (Fla. 1st DCA 1984). Appellees argued, and the trial court agreed, that the period began to run in August of 1981, when, according to appellant’s third party complaint, he “first discovered what had happened.” On closer inspection of the limited record, however, it appears that in August of 1981, appellant did not know of the transfer to Papich, but knew only that the association had purchased the lease on his unit. On this record, it was not until at least September 20, 1983, that appellant learned that Papich had purchased land leases for units he did not own. Also, appellant did not learn that Papich had purchased the land lease for appellant’s unit number 108 until March 4, 1985, when Papich filed the purported lien against the property. If these alleged facts are borne out by the evidence, it was not until this time that the four-year statute of limitations began to run since appellant then became aware of the actual harm that Pa-pich had allegedly done.
Thus, the third party complaint, filed on April 7, 1986, would have been filed within the four-year period following either the September 20, 1983 date or the March 4, 1985 date and, as such, would not have been barred by the four-year statute of limitations. In reversing the summary judgment and remanding for further proceedings, however, we do not wish to preclude application of the statute of limitations if, in those further proceedings, it becomes apparent that appellant knew of Papich’s actions earlier.
Reversed and remanded for further proceedings.
SCHOONOVER and ALTENBERND, JJ., concur.